## Kirk et al. v. Springton Coal Co. et al.

Jan. 24, 1939.

502

B. M. LEE for appellants.

C. B. SPICER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Mrs. H. P. Kirk, her husband, and her mother instituted this suit against the Springton Coal Company and Henry Turner, asserting that they owned a two-eighths part of a certain coal tract which had belonged to Wright Kelly, her father. It was alleged that the defendants owed the plaintiffs $2,170 as their part of minimum royalties at the rate of $1,000 a year, from June 1, 1930, to June 1, 1934, for which they asked judgment. M. F. Hall was their attorney.

The answer was made a cross-petition against D. M. Kelly and fifteen others. It stated that if the defendants owed anything on account of the lease (which they denied) they also owed the cross-defendants as heirs of A. Z. Kelly, who had owned the property jointly with Wright Kelly, and some of them as other heirs of Wright Kelly; hence they were necessary parties. This group filed a pleading setting up their interests in the property, and, in addition to adopting the allegations of the petition of the Kirks, pleaded grounds and asked for judgment against the Coal Company and Turner for $11,806.32 as royalties from 1929 to 1934, both inclusive. B. M. Lee was their attorney.

Responsive pleadings were duly filed, the defendants claiming as an ultimate defense that the coal had been exhausted by the end of 1930, the lease surrendered and the property turned back to the owners. Issues were joined, except perhaps upon one or two points, and on motion of the defendants the case was transferred to equity. Depositions were taken upon two occasions by the plaintiffs, with Mr. Hall present as representing them. The examiner's certificates show they were taken pursuant to notice but does not show who was notified, and a copy of that document is not in

the record. It seems that neither Mr. Lee nor any of his clients participated in the taking of these depositions. Thereafter, an order was made that by agreement of the parties the case was submitted to Honorable J. G. Forester, as a special judge. It also recites that it was agreed that the objection noted to the depositions at the time of the taking should be treated by the court and considered as written exceptions filed. The same order as a judgment is that the court "sustained each and all of said exceptions," and that neither the plaintiffs nor cross-plaintiffs are entitled to recover anything, hence that their petition and cross-petition should be. dismissed with costs against them.

A few days later, at the same term of court, the cross-plaintiffs, through their attorney, Mr. Lee, filed a motion to set aside the order and judgment because neither they nor their attorney had agreed upon Judge Forester to try the case; they had no notice of any purpose to submit it, and the case did not stand for trial since the issues were not completed and it was not ready for submission. The motion was supported by affidavits. The defendants objected to the motion and filed counter-affidavits of their attorney, Mr. Spicer, and of the plaintiffs' attorney Mr. Hall, to the effect that Mr. Lee had not taken an active part in the practice of the case and had left it to Mr. Hall. Furthermore, that he had agreed for Hall to act for all of the parties and himself and had expressly agreed to the order respecting the appointment of Judge Forester. At a subsequent term the court overruled the motion to set aside the judgment. The appeal is prosecuted by the cross-plaintiffs and the original plaintiffs, all being represented here by Mr. Lee, from this judgment, and also from the original judgment denying them relief against the defendants.

Without discussing the record on that branch of the case, we express the opinion that the court erred in overruling the motion to set aside the judgment in so far as it affected the rights of the cross-plaintiffs. Obviously, the original plaintiffs could not complain since their attorney had made the agreement.

Neither the cross-plaintiffs, who were claiming nearly six times as much money against the defendants and were, therefore, much more interested than the orig-

inal plaintiffs, or the defendants took any proof in the case. The defendants had objected to practically every question asked the witnesses by the plaintiffs, and since the court sustained those objections as exceptions, the result was that there was substantially nothing left but the names and ages of the witnesses. The parties had not filed the sources of their title or copies of the lease and the various assignments until it became the property of Turner. The defendants had moved that they be required to file those documents, but not having insisted upon a ruling on their motion they waived it. However, the evidence concerning the contents of the lease was clearly incompetent, for of course the writings constituted the best evidence and should have been introduced or their absence accounted for.

Eliminating that incompetent evidence, we find sufficient left to show that the defendants were indebted to the parties, but the sums disclosed are too indefinite to base a judgment upon. That justice may be done, we reverse the judgment and remand the case that all the parties may complete the pleadings and take such other evidence as they deem necessary.

Judgment reversed.