RENDERED: NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0890-MR

TAMMY LINDSEY                                                         APPELLANT

|   |   |
|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT<br>HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE<br>ACTION NO. 17-CI-006446 |

STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Tammy Lindsey appeals the Jefferson Circuit Court's

summary dismissal of a third-party bad faith claim she asserted against State Auto

Property & Casualty Insurance Company ("State Auto"). Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2017, Tammy Lindsey was leading her children from the outdoor dining platform located at the back of the Upper River Road, Louisville, location of a Kingfish restaurant, toward a walkway that led to a swing set and play area near the Ohio River. While doing so, she missed a concrete step and consequently injured her ankle. On June 21, 2017, she gave notice of her injury to Kingfish. On December 4, 2017, she filed suit against Kingfish in Jefferson Circuit Court, alleging her fall and consequent injuries were the result of unsafe conditions at the restaurant. She asserted the step that she had missed qualified as a hazard which should have been remediated with better lighting, yellow or white paint, and/or warning signs. Her complaint also asserted a bad faith claim against appellee State Auto, the restaurant's premises liability carrier from August 14, 2016, through August 14, 2017. Her claim alleged State Auto had improperly ignored her settlement demands and had made no offer to pay her medical expenses.

Kingfish answered, claiming the offending step was an open and obvious or nonhazardous condition. Accordingly, it denied liability to Lindsey for negligence, and alternatively asserted Lindsey's damages should be reduced or altogether eliminated due to her own comparative negligence. State Auto,

considering its insured's position, likewise denied liability for bad faith in refusing to accede to Lindsey's settlement demands.

Following a September 7, 2018 mediation, Lindsey then settled with Kingfish and dismissed her claims against it with prejudice, and State Auto paid her the agreed settlement amount on Kingfish's behalf. Her settlement is not of record, but the parties agree it provided no admission of fault from Kingfish. However, Lindsey continued to assert her bad faith claim against State Auto.[1] The lack of any offer from the date of her injury until the date of her mediation with Kingfish is what Lindsey believed constituted "bad faith" in violation of the Kentucky Unfair Claims Settlement Practice Act (KUCSPA), specifically Kentucky Revised Statute (KRS) 304.39.12-230(6).

Over the course of discovery that followed, State Auto produced a November 4, 2016 report of an independent survey and inspection it had commissioned from Midwest Technical Inspections (MTI) regarding Kingfish's premises, which State Auto had required as part of its underwriting process relative to issuing Kingfish's policy. The report incorporated black-and-white pictures of Kingfish's premises, including one of the "rear/side" of the restaurant –

---

[1] Lindsey asserted a variety of other claims against State Auto which were likewise dismissed, including a claim for "negligent inspection" based upon the independent inspection of Kingfish's premises that State Auto commissioned as part of its underwriting process. None of those other claims are at issue in this appeal; accordingly, they will not be discussed.

presumably the general area where Lindsey's injury occurred – featuring a set of concrete stairs descending from the restaurant down a gradually sloping hill. Part of the stairs are flanked by a handrail. Due to the poor quality of the picture as it appears in the copied report of record, most other details relating to the stairs are difficult to discern. However, the section of the report relating to "premises liability" represented that the "Interior/Exterior Walking Surfaces/Stairs/Steps" were "Good," and that "No slip, trip, or fall hazards were noted."

These details of the MTI report, in turn, factored prominently into why the circuit court ultimately granted State Auto's eventual motion for summary judgment regarding Lindsey's bad faith claim. In its motion, State Auto noted its insured had never conceded liability for Lindsey's injury. Apart from that, it also contended that the "hazard" alleged in Lindsey's complaint was nothing more than the presence of a step; the MTI report had considered the steps on Kingfish's premises and had not regarded them as hazardous; and nothing indicated that the condition of the steps, which purportedly caused Lindsey to fall on April 4, 2017, was any different than their condition on November 4, 2016. In sum, State Auto contended its insured's liability was unclear and remained unresolved, and that it consequently did not act in bad faith by ignoring Lindsey's settlement demands. Upon consideration, the circuit court agreed and summarily dismissed Lindsey's bad faith claim. This appeal followed.

-4-

## STANDARD OF REVIEW

A court may grant a summary judgment motion when "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure (CR) 56.03. The Kentucky Supreme Court has stated that "the movant should not succeed unless his right to judgment is shown with such clarity that there is no room left for controversy." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991) (citation omitted). Further, "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor should the motion for summary judgment be granted." *Id*. (citations omitted). Indeed, "[e]ven though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id*. at 480 (citation omitted). Moreover, when examining a summary judgment motion, "[t]he record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Id*. (citations omitted).

"Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists.

So we operate under a *de novo* standard of review with no need to defer to the trial court's decision." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (citations and footnotes omitted).

## ANALYSIS

Under the KUCSPA, an insurance company must deal in good faith with a claimant in determining whether the company is contractually obligated to pay the claimant. *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). This is true whether the claimant is the company's own insured, or the company insures the claimant's tortfeasor. Kentucky, unlike many states, allows a third-party to bring a cause of action for claims of bad faith, and our Supreme Court explained the standard for such claims in *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The Court held that a plaintiff has a "steep burden" of satisfying three requirements before a trial court should find the plaintiff to have brought a viable bad faith claim. *Id.* Those requirements are:

> (1) the insurer must be obligated to pay the insured's claim under the terms of the policy;
>
> (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and
>
> (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Id.*

The failure to show any of these elements eliminates the bad faith claim as a matter of law. *Id.* Because the second above-stated *Wittmer* requirement was the primary basis of the circuit court's summary dismissal of Lindsey's bad faith claim, and because it is also dispositive of this appeal, it is the sole focus of our analysis. In *Mosley v. Arch Specialty Insurance Company*, 626 S.W.3d 579 (Ky. 2021), our Supreme Court elaborated upon this requirement, explaining in relevant part:

> After the plaintiff has shown that the insurance company has an obligation to pay, the plaintiff must establish that the insured's liability is beyond dispute. An insurer has an obligation to make a good-faith effort in effectuating "prompt, fair and equitable settlements of claims in which [its insured's] liability has become reasonably clear[.]" This Court has interpreted "reasonably clear" to mean "beyond dispute[.]" But when an insured's liability is unclear, bad-faith claims fail as a matter of law because the insurer has a reasonable basis for challenging the claim.
>
> . . .
>
> *Hollaway v. Direct General Insurance Company of Mississippi*[2] discussed the beyond-dispute-liability requirement of *Wittmer*. We found in *Hollaway* that because the insurer was not willing to concede liability of its insured, the liability insurer was under no absolute duty to pay the plaintiff's claim. As stated in *Hollaway*, a liability dispute entitles the insurance carrier to forgo any effort to settle and to take a dispute about liability to a jury. Additionally, the Court in *Hollaway* concluded that "settlements are not evidence of legal liability, nor

---

[2] *Hollaway v. Direct Gen. Ins. Co. of Miss., Inc.*, 497 S.W.3d 733 (Ky. 2016).

do they qualify as admissions of fault[,]" under Kentucky law.

*Id*. at 586-87 (citations and footnotes omitted).

In *Messer v. Universal Underwriters Insurance Company*, 598 S.W.3d 578 (Ky. App. 2019), this Court also explained that "[b]efore an insurer can be liable for bad faith, the underlying liability must be established." *Id*. at 587. Specifically, the "tall burden" of bringing a third-party bad faith claim:

> requires a claimant to demonstrate it was unreasonable for the insurer to argue the insured's conduct was not a substantial factor in causing the accident. Kentucky courts will not allow a jury to apportion fault to persons whose conduct was not a substantial factor in causing an accident. The insurer can challenge the claimant's ability to meet that burden by filing a motion for summary judgment.

*Id*. at 588 (citation omitted).

In *Messer*, the plaintiff's bad faith claim failed to survive summary judgment because the plaintiff was unable to show the insured's liability was beyond dispute. While the plaintiff offered evidence that the insured might be liable, the plaintiff "never eliminated the reasonable possibility that a jury could find [the plaintiff] 100% at fault for colliding with Mountain Ford's vehicle[.]" *Id*. at 593. Because of uncertainty over the insured's liability, no bad faith claim could stand as a matter of law against the insurance company.

Here, State Auto's liability was never established because its insured, Kingfish, never admitted liability in either its answer or settlement with Lindsey. Moreover, the liability of State Auto's insured was not beyond dispute because of the potential allocation of fault among the parties. Like the plaintiff in *Messer*, Lindsey never eliminated the reasonable possibility that a jury could find her 100% at fault for causing her own injuries. To that end, we incorporate the circuit court's reasoning, as set forth in its order of summary judgment:

> There was a real factual issue as to whether an open, or at least unconcealed, step with no railing and no warning flags was the proximate cause of Lindsey's injury. A nearby step, which was the next step ahead of her that was the top step of a descending stairway, had a railing and a warning sign, which Lindsey presumably saw. She says her fall was the restaurant's fault because Kingfish should have marked the single step better with warnings. The State Auto independent inspection performed before the accident did not indicate a need for a warning for the step. State Auto determined the fall was Lindsey's fault because she missed a step, the condition of which was "open and obvious."[3] A step does not necessarily cause

---

[3] The open and obvious doctrine once existent under contributory negligence was abandoned in *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010). Nevertheless, the changed application of the open and obvious doctrine under comparative negligence does not preclude summary judgment in all cases. As stated in *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 297 (Ky. 2015),

> The open-and-obvious nature of a hazard is, under comparative fault, no more than a circumstance that the trier of fact can consider in assessing the fault of any party, plaintiff or defendant. [*Shelton*, 413 S.W.3d at 911-12.] Under the right circumstances, the plaintiffs [sic] conduct in the face of an open-and-obvious hazard may be so clearly the only fault of his injury that summary judgment could be warranted against him, for example when a situation cannot be corrected by any means or when it is beyond dispute that the landowner had done all that was reasonable. *Id*. at 918. Applying comparative fault to open-and-obvious cases

an unreasonable risk.  *Shelton v. Ky. Easter Seals Society*, 413 S.W.3d 901, 914 (Ky. 2013).[4]  Had the case not settled, it would have to have been tried on the fact issue of fault.  The investigation, which Lindsey unsuccessfully attacked despite adding additional causes of action and joinder of the investigating company, gave State Auto a shield against the bad faith claim.  Had State Auto denied the claim with no basis to support the denial, that would have been bad faith.  K.R.S. 304.12-230(4).

Considering the above, it was reasonable for State Auto to challenge liability under Lindsey's claim because its insured's liability was contested and unclear under the facts presented.  Therefore, Lindsey failed to meet the second prong of *Wittmer*.  "When liability is clear or 'beyond dispute,' a claim must be paid. . . .  But when liability is not clear or disputed, an insurer may pursue its

---

does not restrict the ability of the court to exercise sound judgment in these cases any more than in any other kind of tort case.

[4] Specifically, in *Shelton*, 413 S.W.3d at 914, our Supreme Court explained:

An unreasonable risk is one that is "recognized by a reasonable person in similar circumstances as a risk that should be avoided or minimized" or one that is "in fact recognized as such by the particular defendant."  Put another way, "[a] risk is not unreasonable if a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk."  Normally, an open-and-obvious danger may not create an unreasonable risk.  Examples of this may include a small pothole in the parking lot of a shopping mall; *steep stairs leading to a place of business*; or perhaps even a simple curb.  But when a condition creates an unreasonable risk, that is when a defendant "should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger[,]" liability may be imposed on the defendant as a breach of the requisite duty to the invitee depending on the circumstances.

(Citations and footnotes omitted) (emphasis added).

-10-

defense and contested liability until its duty under KUCSPA is triggered." *Mosley*, 626 S.W.3d at 588.

Before concluding, two other issues warrant discussion. First, State Auto notes that shortly before the circuit court entered its final judgment, Lindsey filed a reply memorandum, and that she attached several photographs to her memorandum ostensibly as evidentiary "exhibits" in an attempt to depict the area of her injury and the condition of the concrete steps behind Kingfish. In her appellate brief, Lindsey continues to cite these photographs as evidence capable of overcoming summary judgment, specifically, as what she deems is the best evidence of where she was injured and the visibility of the offending step. On one of the eight photographs, Lindsey's counsel drew a circle and wrote that the circle depicted the "step in question." On another, he wrote "unmarked step where Plaintiff tripped."

As State Auto notes, however, Lindsey has never indicated when these photographs were taken, or by whom; nor has she provided any verification that they even depict Kingfish's premises. State Auto objected to the circuit court considering these photographs in conjunction with its summary judgment motion, as they were never authenticated, and it argues the circuit court should have stricken the photographs from the record.

Regarding State Auto's motion to strike these photographs, the record indicates the circuit court made no ruling on its motion below; nor did State Auto call its motion to the attention of the circuit court to secure a ruling upon it before the circuit court's authority to do so expired. Accordingly, State Auto effectively precluded this Court from reviewing State Farm's motion to strike as an issue on appeal. *See, e.g.*, *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 361 (Ky. App. 1999) (citation omitted) ("[T]here is no indication that the trial court ever ruled on Shirley's motion to amend her complaint to assert a cause of action based upon tortious interference with contractual relations. As such, this court is without the authority to rule on this issue."); *see also Kirk v. Springton Coal Co.*, 276 Ky. 501, 124 S.W.2d 760, 761 (1939); *Felts v. Edwards*, 181 Ky. 287, 204 S.W. 145, 149 (1918) (The appellants "did not choose to call the motions to the attention of the court or to cause any ruling to be had upon them, and hence must be considered to have waived any objections on that ground.").

Regardless, the eight photographs in question are immaterial for purposes of this appeal. Assuming they depict the "step in question," and to the extent that any of them discernably depict it,[5] the photographs appear to have been

---

[5] The photograph on which Lindsey's counsel wrote "unmarked step where Plaintiff tripped" (and drew an arrow and circle for reference) depicts – from the side and perhaps thirty yards away – the purported step or possibly a bush; due to the distance and surrounding foliage, it is impossible to tell.

taken at distances of ten feet or more at roughly the same angle (*i.e.*, from behind the step, facing the river), and otherwise leave much to the imagination regarding how visible and obvious the "step in question" actually was – particularly from other angles, and from a closer distance. At best, these photographs may have raised a jury issue regarding whether a hazard existed on Kingfish's premises; but they do not demonstrate it was unreasonable for State Auto to argue its insured's conduct was not a substantial factor in causing the accident. *Messer*, 598 S.W.3d at 588.

As for the second issue, Lindsey believes our Supreme Court has erred by equating the phrase "reasonably clear," as it appears in KRS 304.12-230(6), to "beyond dispute." *See Mosley*, 626 S.W.3d at 586. However, because that interpretation is binding on this Court, we cannot provide her any remedy. *See* Supreme Court Rule (SCR) 1.030(8)(a).

### CONCLUSION

Considering the foregoing, we AFFIRM the Jefferson Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Jeffrey A. Sexton
Louisville, Kentucky

BRIEF FOR APPELLEE:

David E. Williamson
Cincinnati, Ohio

-13-